UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WEAVER, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TARGET CORPORTION; and DOES 1 through 50,<br><br>　　　　　Defendants. | Case No. 5:22-cv-01218-DMG (KKx)<br><br>ASSIGNED TO HON. DOLLY M. GEE FOR ALL PURPOSES<br><br>ASSIGNED TO HON. KENLY KIYA KATO FOR DISCOVERY MATTERS<br><br>[~~PROPOSED~~] ORDER RE: STIPULATED PROTECTIVE ORDER<br><br>Trial: February 27, 2024<br>Complaint filed in State Court: March 18, 2022, San Bernardino County Superior Court Case No. CIV SB 2206520 |

**IV.　[~~PROPOSED~~] ORDER**

　　　Pursuant to the attached Stipulation of the Parties and for good cause shown,

　　　IT IS SO ORDERED.

Dated: _____May 16__, 2023　　　　　　　/s/ Kenly Kiya Kato
　　　　　　　　　　　　　　　　　　　　HON. KENLY KIYA KATO
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

4864-7165-9108.1 / 052067-1709

Jack Bazerkanian, Bar No. 299031
James Shin, Bar No. 299101
Tiffany Ariavand, Bar No. 331136
**C&B LAW GROUP LLP**
2315 W. Burbank Blvd.
Burbank, California 91506
Telephone: 213.986.3430
Fax: 213.986.9860
jack@cblawgroup.com
james@cblawgroup.com
tiffany@cblawgroup.com

Attorneys for Plaintiff
TIMOTHY WEAVER

Irene V. Fitzgerald, Bar No. 266949
Vanessa M. Cohn, Bar No. 314619
Caroline Lutz, Bar No. 274836
**LITTLER MENDELSON, P.C.**
5200 N. Palm Ave., Ste. 302
Fresno, California 93704
Telephone: 559.244.7500
Fax: 559.244.7525
ifitzgerald@littler.com
vcohn@littler.com
clutz@littler.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WEAVER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORTION; and DOES 1 through 50,<br><br>Defendants. | Case No. 5:22-cv-01218-DMG (KKx)<br><br>ASSIGNED TO HON. DOLLY M. GEE FOR ALL PURPOSES<br><br>ASSIGNED TO HON. KENLY KIYA KATO FOR DISCOVERY MATTERS<br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**<br><br>Trial: TBD<br>Complaint filed in State Court: March 18, 2022, San Bernardino County Superior Court Case No. CIV SB 2206520 |

Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, Civil Local Rule 7-1, and the Court's Procedures regarding Stipulated Protective Orders, Plaintiff TIMOTHY WEAVER ("Plaintiff") and Defendant TARGET CORPORATION ("Defendant") (collectively, "Plaintiff" and "Defendant" are referred to as the "Parties" or "Party"), by and through their counsel of record, hereby stipulate and agree to the terms of the following Stipulated Protective Order (the "Agreement") governing the discovery and disclosure of confidential information in the above-captioned action and conditioned upon the issuance of an order thereon. To address potential concerns over the discovery of confidential information, while at the same time permitting discovery to proceed as fairly and efficiently as possible, the Parties enter into this Agreement, and stipulate as follows:

## I. PURPOSE AND LIMITATIONS OF THIS STIPULATED PROTECTIVE ORDER

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that any Order granting this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II. GOOD CAUSE EXISTS FOR GRANTING THIS STIPULATED PROTECTIVE ORDER

This action is likely to involve confidential, proprietary, and private commercial information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution and defense of

this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Here, the Parties' request for a protective order is made for good cause in that it is particularized, specific, and narrowly tailored to disclosure in this action of certain confidential, proprietary, and private business information of the Parties and third parties, such as the personnel records of employees, sales information, data, and strategies, profit and loss data and information, customer information, process management and policies, and other such relevant confidential information relevant to this litigation as set forth in Section III.A.2. herein below. Fed Rules Civ Proc R 26(c)(1)(G); Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006); see Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242 FRD 552, 555, fn. 4 (C.D. Cal. 2007). Specifically with respect to personnel records, it is the Parties'

intention that employees of Defendant's names, dates of employment, disciplinary histories, reasons for separation or termination, last-known contact information, and other similar identifying information of a private nature, which would prove to be embarrassing if publicly available, be safeguarded as "Confidential" under the requested Stipulated Protective Order. Indeed, haphazard placement of such sensitive and private information in the public record could result in improper use of the material for scandalous or libelous purposes as an unintended consequence of this litigation and undermine the inherent authority of this Court, considerations which greatly outweigh the public interest in this matter. Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002); Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).

As such, good cause exists for granting the requested Stipulated Protective Order in connection with discovery in this action given the Parties' representation that such information will be sought for a legitimate purpose to further the respective claims and defenses in this matter, including as it pertains to law and motion practice. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787-791 (3rd Cir. 1994); see also In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011). Further, in the absence of such an order, unfettered disclosure of the foregoing information will result in injury to the Parties and third parties, including unwarranted violations of their privacy, which will also cause them unjustified embarrassment. Id. In comparison, the burden on the Parties to preserve the confidentiality of proprietary business information and private information of the Parties and third parties will be minimal as the information to be disclosed is anticipated to be readily ascertainable and finite as to time and form in the context of the alleged wrongful employment conduct at issue in this action. See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig., 669 F.2d 620, 623 (10th Cir. 1982); see also Wood v. McEwen, 644 F.2d 797, 801-802 (9th Cir. 1981).

///

WHERETOFORE, the Parties stipulate as follows:

## III. STIPULATED PROTECTIVE ORDER

### A. Definitions

1. "Designator" and "Designating Party" shall mean the Party producing materials under this Agreement or any other party or person claiming an interest in the confidential and/or proprietary nature of the information sought or disclosed.

2. "Confidential Information" shall include documents or information which the Designating Party or non-party believes in good faith contain material constituting trade secrets, or other confidential or proprietary research, development, technical, financial, commercial or business information, or information protected from disclosure by laws or regulations, which is unavailable to the public, not readily available from other sources and which is treated by the Designating Party or non-party as confidential and not disclosed to others. Confidential Information includes, but is not limited to, information related to supply distribution, sales, management processes and policies, training materials, product information, personnel information, profit and loss information, inventory strategy, product costs, gross profit margins, selling strategies, supplier information, customer information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, development strategies and plans, data which touch upon the topic of price, budgeting and plans, customers, margins, payroll, pricing, products sales history, and projections. Confidential Information may also refer to private health or medical information of the Parties, third-parties or the corporate parties' employees. Confidential Information shall also mean and include (i) any information copied or extracted from Confidential Information; (ii) all copies, excerpts, summaries, or compilations of Confidential Information; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

3.      "Requesting Party" shall mean the party or parties seeking access to the documents or other information designated as Confidential Information.

**B.      Procedure for Identification of Confidential Information**

1. With respect to physical documents or copies, the Designator shall identify Confidential Information by placing or affixing the word: "CONFIDENTIAL" on the document containing the Confidential Information in a manner that will not interfere with its legibility, or by otherwise designating Bates stamp numbers or categories of documents on the transmittal letter or discovery responses.

2.      A Designator will identify Confidential Information prior to, or contemporaneously with, the production or disclosure of that information in this matter.

3.      The Parties may mark answers to interrogatories or written responses to other discovery requests as confidential by placing or affixing the word: "CONFIDENTIAL" on the document containing the Confidential Information in a manner that will not interfere with its legibility, or by otherwise designating the response as confidential within the discovery responses.

4.      Within thirty (30) days after receipt of a deposition or hearing transcript, a Party may designate as Confidential specific portions of or exhibits to the transcript in accordance with this Agreement. This designation shall be in writing and served upon all counsel. Transcripts will be treated as Confidential for this 30-day period. Any portions of a transcript designated Confidential shall thereafter be treated as such in accordance with this Agreement. Portions of transcripts that contain Confidential Information shall be so designated by the party or parties filing said record by affixing the Confidentiality Legend on each page of the transcript containing such Material.

5.      With respect to any electronic data stored, searched or produced electronically, the Parties may designate the data or information as confidential in any manner reasonable under the circumstances.

///

### C. Effect of Designation as Confidential

1. The terms sections III.C.2 and 3 of the Stipulated Protective Order herein below shall not apply to this Court and its personnel, who are subject to the Court's internal procedures concerning the handling of material filed or lodged, including material filed or lodged under seal.

2. No Party to this Agreement, their counsel or persons identified in Paragraph 10 of this Agreement shall use or disclose information or documents designated as confidential under this Agreement for any purpose whatsoever other than preparing for and conducting this proceeding, including any appeals.

3. The Parties to this Agreement and their counsel shall not disclose or permit the disclosure of any documents or information designated as confidential under this Agreement to any other person or entity, except in the following circumstances:

   a. Disclosure may be made to the Parties, a Party's counsel and employees of a Party's counsel, provided that any such employee of counsel shall be advised of, and subject to, the provisions of this Agreement;

   b. Disclosure may be made to court reporters engaged to record the proceedings in this action, provided that such court reporters to whom counsel makes a disclosure shall be advised of, and subject to, the provisions of this Agreement;

   c. Disclosure may be made to consultants, investigators, or experts employed by the Parties or their counsel to assist in preparation or trial this matter, provided that consultants, investigators, or experts, prior to disclosure, shall agree in writing to be bound by this Agreement;

   d. Disclosure may be made to any other person if the Designator agrees in writing to the disclosure; and

   e. Disclosure may be made to witnesses at depositions taken in this proceeding, provided that, prior to disclosure the witness shall be advised of, and subject to, the provisions of this Agreement.

4. The Parties acknowledge that this Agreement does not entitle them to file Confidential Information under seal. In the event a Party files any document designated as "Confidential Information," whether as an exhibit, attachment or otherwise, or files pleadings or other court filings that contain, incorporate, or disclose Confidential Information, whether as an exhibit, attachment, or otherwise, such Party shall request that the document be filed under seal, pursuant to the terms of this Agreement and United States District Court, Central District of California Civil Local Rule 79-5. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-1211 (9th Cir. 2002); Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Confidential Information that a party seeks to file under seal. The Parties' mere designation of Information as "Confidential" does not – without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause. Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not

confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. Should a Party or Designator's request to file Confidential Information under seal be denied, the receiving party may file such Information in the public record, unless otherwise instructed by this Court.

5.  Any use of Confidential Information at trial and court hearings and proceedings shall be governed by the orders of the trial judge of this Court. Prior to any use of Confidential Information at hearings or the final hearing, the Parties shall consult with the Court as to the appropriate procedures to be used to protect the confidentiality of such Information.

6.  If a court, administrative agency, or other tribunal subpoenas or orders production of stamped Confidential Information which a Party has obtained under the terms hereof, such Party shall promptly notify the Party or other person who designated the document as "Confidential" of the pendency of such subpoena or order. Nothing in this Stipulated Protective Order shall be construed as authorizing or encouraging a Party or Designator to disobey a lawful subpoena or court order issued in another action.

**D.  Additional Protection of Documents**

1.  The Parties further agree to protection of privileged and otherwise protected documents and information against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

>   a.  The disclosure or production of documents by a Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document.

b.    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c.    If, during the course of this action, a Party determines that any document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    i.    the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range, and, (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Further, the receiving party is under no obligation to search or review the producing party's Documents to identify potentially privileged or work product Protected Documents. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.

    ii.    If the producing party intends to assert a claim of privilege or other protection over Documents identified by the receiving party as Protected Documents, the producing party shall, within ten (10) days of receiving the receiving party's

written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

    d.    If, during the course of this action, a Party determines it has produced a Protected Document:

        i.    The producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such Documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the Document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

        ii.    The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the

receiving party shall have all electronic copies of the Protected Document extracted from the database.

e. To the extent that the information contained in a Protected Document has already been used in or described in other Documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i) of this Paragraph, then the receiving party shall sequester such Documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f. The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. Any such motion shall comply with United States District Court, Central District of California Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. However, the receiving party is prohibited and estopped from arguing that:

    i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    ii. the disclosure of the Protected Documents was not inadvertent;

    iii. the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    iv. the producing party failed to take reasonable or timely steps to rectify the error.

g. Any Party and Designator may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. Any such motion shall comply with United States District Court, Central District of California Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement, as well as Civil Local Rule 79-5. The producing party shall preserve the

Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent order of the Court. Confidential Information may only be filed under seal pursuant to a separate court order authorizing the sealing of the specific Confidential Information at issue. Should a Party or Designator's request to file Confidential Information under seal be denied, the receiving party may file such Information in the public record, unless otherwise instructed by this Court.

h.  Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

i.  Nothing contained herein is intended to, or shall serve to limit, a Party's right to conduct a review of Documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another Party.

### E.  Information Security Protections

Any person in possession of another Party's Confidential Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information. To the extent a person or Party does not have an information security program, they may comply with this provision by having the Confidential Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's Confidential Information, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. Further, if required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

The terms of this section of the Stipulated Protective Order shall not apply to this Court and its personnel, who are subject to the Court's internal procedures concerning the handling of material filed or lodged, including material filed or lodged under seal.

**F.     Additional Provisions**

1.     Notwithstanding this Agreement, neither Party waives its right to seek further relief from the Court on the grounds that: (i) the designated Confidential Information is not a trade secret or confidential and proprietary and should not be restricted by this Agreement; or (ii) the designated Confidential Information requires protection greater than that afforded by this Agreement. Failure to contest or object to a Party's designation of certain information or documents as Confidential Information shall not constitute an admission, waiver or estoppel that the information or document is actually a trade secret or confidential and proprietary for any other purpose,

procedural or substantive. Any motion challenging a Party's designation of material as Confidential Information, for the production of documents, for a determination of a claim or privilege or other protection, or seeking to modify or amend this Stipulated Protective Order must be brought in strict compliance with United States District Court, Central District of California Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

2. Within 60 days of the conclusion of this proceeding, including any appeals, all materials and all copies which have been designated as confidential under this Agreement, shall be promptly returned to the Designator's counsel or destroyed.

3. This Agreement is only intended to facilitate discovery of documents and information claimed to be Confidential Information and to foreclose any arguments of waiver concerning the inadvertent disclosure or production of documents subject to a legally-recognized claim of privilege. It is not intended to resolve any objections to discovery, including those with respect to relevance, privilege, overbreadth, or undue burden.

4. It is the intent of this Agreement to not limit the Parties' ability to litigate this matter and to use the materials produced as is appropriate under the law while allowing the Parties to protect from public disclosure their Confidential Information.

5. This Agreement shall survive any verdict, settlement, judgment, or other disposition or conclusion of this action and any appeals.

///
///
///
///
///
///
///

IT IS SO STIPULATED.

Dated: May 10, 2023                    C&B LAW GROUP LLP

_____
Jack Bazerkanian
James Shin
Tiffany Ariavand
Attorneys for Plaintiff
TIMOTHY WEAVER

Dated: May 15, 2023                    LITTLER MENDELSON, P.C.

_____
Irene V. Fitzgerald
Vanessa M. Cohn
Caroline Lutz
Attorneys for Defendant
TARGET CORPORATION

## ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 15, 2023                    LITTLER MENDELSON, P.C.

_____
Irene V. Fitzgerald
Vanessa M. Cohn
Caroline Lutz
Attorneys for Defendant
TARGET CORPORATION

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On May 15, 2023, I served the within document(s):

**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number . The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is jdrudge@littler.com.

Jack Bazerkanian, Esq.
James Shin, Esq.
Frederick Stoker, Esq.
Tiffany Ariavand, Esq.
C&B LAW GROUP LLP
2315 W. Burbank Blvd.
Burbank, CA 91506
Tel: 213.986.3430
Fax: 213.986.9860
Email: Jack@cblawgroup.com
       james@cblawgroup.com
       frederick@cblawgroup.com
       Tiffany@cblawgroup.com

PROOF OF SERVICE

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 15, 2023, at Fresno, California.

*Jennifer A. Drudge*
Jennifer A. Drudge

4856-3976-2213.1 / 052067-1709

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500